(103 So. 177)

No. 24926.

### SIMMONS v. COXEY.

(Feb. 2, 1925.   Rehearing Denied March 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Divorce ⬡⟶296—Prior to amendment no discretion in awarding custody of children.**

Prior to amendment of Rev. Civ. Code 1870, art. 157, by Act No. 38 of 1921, there was no discretion in awarding custody of children in case of divorce; but such discretion was confined to cases of separation from bed and board.

2. **Divorce ⬡⟶312—Under facts no remand for exercise of discretion as to custody of children.**

Though pending appeal, suspending decree, statute allowing judge discretion in awarding custody of children in case of divorce went into effect, case will not be remanded for exercise of that discretion; it having appeared that the wife was living in open adultery, and the judge having said that, all in all, he thought it would be for best interest of the children that they be given to the father's custody.

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; Sam A. Le Blanc, Judge.

Suit by Nathaniel Simmons against Beatrice Coxey.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Howell & Wortham, of Thibodaux, for appellant.

Henry L. Himel, of Convent, and Walter Lemann, of Donaldsonville, for appellee.

ST. PAUL, J.   The defendant left her husband to live with another man.   This is not denied, and was fully proved and shown to be notorious.

Plaintiff seeks a divorce, and asks for the custody of their two minor children.   By decree dated July 27, 1921, the trial judge granted the divorce and awarded plaintiff the custody of the children.

Defendant's only complaint of that judgment is that the trial judge should *in his discretion* have awarded the custody of the children to herself.

I.

[1] Prior to the passage of Act 38 of 1921, p. 42 (amending article 157, Revised Civil Code of 1870), which went into effect only on December 9, 1921, the law allowed the judge no discretion whatever in awarding the custody of the children in cases of *divorce;* such discretion being confined exclusively to cases of *separation from bed and board.*

Hence the judgment appealed from was in strict accord with the law as it stood at the time it was rendered.

II.

[2] It is argued, however, that, since the decree of divorce was suspended by appeal to this court and becomes effective only *now* (and therefore at a time when the judge has such discretion even in cases of divorce), this court should "remand the case for the purpose of having the judge award the custody of the children for their greater present advantage."

We must decline to do so.   The evidence shows that when the judgment below was rendered the defendant was still living in open adultery with the other man (by whom she already had one child), and showed no inclination whatever to return to her husband or leave this other man.   All of which the trial judge *did consider* in awarding the custody of the children, and was thereby led to say:

"All in all, I think it will be for the best interest of these children that they be given to the custody of their father."

We fully agree with him.

### Decree.

The judgment appealed from is therefore affirmed.